

NUMBER 13-18-00422-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

IDEA PUBLIC SCHOOLS,                                                             Appellant,

v.

SOCORRO INDEPENDENT
SCHOOL DISTRICT,                                                                 Appellee.

On appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

This is an appeal from the trial court's granting of appellee Socorro Independent

School District's (Socorro ISD) petition for writ of mandamus and the denial of appellant

IDEA Public School's (IDEA) plea to the jurisdiction. By three issues, IDEA argues that:

(1) Socorro ISD's claims are moot; (2) the trial court erred in denying the plea to the

jurisdiction because: (a) the trial court lacked jurisdiction over the claims brought by Socorro ISD, and (b) there is no private cause of action for alleged violations of the Family Educational Rights and Privacy Act (FERPA); and (3) if the trial court had jurisdiction, it erred in granting the mandamus because the Texas Public Information Act (TPIA) did not apply to the underlying record request and IDEA was not required to seek an Attorney General (AG) determination in order to withhold the requested information. We reverse and render judgment dismissing Socorro ISD's claims.

## I. BACKGROUND

Socorro ISD is an independent school district that operates public elementary and secondary schools in the El Paso, Texas area. IDEA is a Texas nonprofit corporation that operates public school campuses throughout the state of Texas, including the El Paso, Texas area. In January 2018, Socorro ISD submitted a written request under the TPIA to IDEA for:

- A complete Student List of 2018-19 El Paso IDEA Public Schools Lottery selection to include the following information; and

- A complete list of students selected for admission to El Paso IDEA Public Schools for the 2018-2019 school year to include the following information:

  1. Name
  2. Grade
  3. Address
  4. Telephone #
  5. Current School District Student Attending
  6. Current School Student Attending

IDEA denied the request outright, stating that the information was classified under FERPA. Socorro ISD submitted a subsequent request in March 2018, specifically seeking applicant information from IDEA:

2

1) Names of individuals who **applied** to El Paso IDEA Public Schools for the 2018-2019 school year;

2) Names of individuals who were **selected for admission** to El Paso IDEA Public Schools for the 2018-2019 school year via the lottery system; and

3) A complete list of individuals for **applied** to El Paso IDEA Public Schools with the following information:

   1. Name
   2. Grade
   3. Address
   4. Telephone Number
   5. Name of the Current School District Each Individual Attends
   6. Name of the Current School Campus Each Individual Attends

Again, IDEA denied the request, this time responding:

> I am in receipt of your public information request dated March 8, 2018. The Texas Public Information Act excludes matters covered by FERPA. The United States Department of Education Family Policy Compliance Office has informed the Attorney General that it does not permit state and local educational authorities to disclose records the LEA [local educational agency] determines are covered by FERPA, and the TPIA itself excludes FERPA records. Pursuant to standing practice of the Attorney General "determinations under FERPA must be made by the educational authority in possession for [sic] the education records." Further, the Attorney General's standing decision is that "when and [sic] educational authority responds to a request for public information by stating the responsive information is covered by FERPA we must accept its statement."
>
> IDEA Public Schools has determined that all of the information you have requested constitutes FERPA records of students that are protected and will not be released. We consider this request closed.

Socorro ISD filed a petition for writ of mandamus with the trial court on May 7, 2018, seeking production of the requested information from IDEA pursuant to § 552.321 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 552.321 (allowing for a requestor to file suit for writ of mandamus to compel a governmental body to make information available for public inspection if the governmental body refuses to request an

attorney general's decision).  IDEA filed a plea to the jurisdiction and its original answer on June 6, 2018.  After a hearing, the trial court granted Socorro ISD's request for mandamus and denied IDEA's plea to the jurisdiction.  This appeal followed.

## II.   SUBJECT MATTER JURISDICTION

In each of its three issues, IDEA addresses the underlying crux of this case, whether the information requested by Socorro ISD is exempted from disclosure by FERPA.  Because it implicates our subject matter jurisdiction, we first address IDEA's contention that Socorro ISD lacked standing to challenge IDEA's FERPA determinations in the trial court.  This Court considers "the trial court's order on a motion to dismiss for lack of standing in the same manner as a plea to the jurisdiction."  *Estate of Lee*, 551 S.W.3d 802, 807 (Tex. App.—Texarkana 2018, no pet.).  "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact[-]finder."  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004).  But if no fact issue exists, the trial court decides the plea as a matter of law.  *Id*. at 228.  We review a trial court's determination of standing de novo.  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010) (subject-matter jurisdiction includes the issue of standing).

FERPA provides that an educational institution may disclose FERPA-protected information without the consent of the student or parent to "other school officials, including teachers within the educational institution or local educational agency, *who have been determined by such agency or institution* to have legitimate educational interests."  20 U.S.C. § 1232g(b)(1)(A) (emphasis added).  Because such determinations under FERPA must be made by the institution from whom they are requested, neither this Court, nor the

4

trial court, nor the Office of the Attorney General of Texas is the proper entity to interpret FERPA and its application to IDEA's records. *See id*.; *see also B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 WL 454783, at *8 (Tex. App.—Austin Jan. 10, 2018, no pet.).

FERPA creates no private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002) (holding that "FERPA's nondisclosure provisions" do not create an implied private right of action and do not create enforceable rights under § 1983); *see also B.W.B*, 2018 WL 454783, at *8. Accordingly, if Socorro ISD believes that IDEA has not properly complied with FERPA, it may file a complaint with the Department of Education, but neither this court, nor the trial court, may be asked to enforce or interpret FERPA "by second-guessing [IDEA's] FERPA determinations." *B.W.B.*, 2018 WL 454783, at *8; *see* 20 U.S.C. § 1232g(g) ("The Secretary shall establish or designate an office and review board within the Department for the purpose of investigating, processing, reviewing, and adjudicating violations of this section and complaints which may be filed concerning alleged violations of this section.").

As explained in *B.W.B.*, the United States Court of Appeals for the Seventh Circuit has explained,

> FERPA, at issue in *Gonzaga*, directs the Secretary of Education to establish an office and review board for "investigating, processing, reviewing, and adjudicating violations of [FERPA]." 20 U.S.C. § 1232g(g). Students and parents who suspect a violation can file written complaints with the board, which can initiate investigations. *See* 34 C.F.R. §§ 99.63–99.67. If the Secretary determines that a recipient institution is failing to comply with FERPA and that compliance cannot be secured voluntarily, the statute allows the Secretary to terminate funding to the institution. 20 U.S.C. §§ 1234c(a), 1232g(f). The *Gonzaga* Court found that Congress's decision to provide a mechanism to enforce FERPA buttressed its conclusion that the statute did not confer individual rights.

*B.W.B.*, 2018 WL 454783, at *9 (citing *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 379 (7th Cir. 2010); *Doe v. Pontifical Coll. Josephinum*, No. 16AP–300 2017–Ohio–1172, 2017 WL 1180661, at *6 (Ohio Ct. App. Mar. 30, 2017) (Brunner, J., concurring) ("Based on the plain language of the statute, the consequence for failing to recognize FERPA rights is the denial of federal funds, not exposure to private suit. FERPA is enforced by the United States Secretary of Education, not by the individual legal action of an aggrieved student or parent ....")).

The FERPA statute sets forth the remedy allowing for investigating, processing, reviewing, and adjudicating potential violations. *See* 20 U.S.C. § 1232g(g). Accordingly, because no applicable state or federal law allows judicial review of IDEA's FERPA determinations, we conclude that Socorro ISD lacked standing to challenge IDEA's FERPA determination. Therefore, the trial court erred in granting Socorro ISD's petition for writ of mandamus and denying IDEA's plea to the jurisdiction. We sustain IDEA's second issue. As this issue is dispositive, we need not address IDEA's remaining issues. *See* TEX. R. APP. P. 47.1.[1]

### III. CONCLUSION

We reverse the trial court's final judgment granting Socorro ISD's petition for writ of mandamus and denying IDEA's plea to the jurisdiction, and we render judgment dismissing Socorro ISD's claims against IDEA.

---

[1] While the dissent argues that there is jurisdiction over this matter, it does not address IDEA's remaining issues before this Court. *See* TEX. R. APP. P. 47.1; *Proenza v. State*, 471 S.W.3d 35, 56 (Tex. App.—Corpus Christi–Edinburg 2015), *aff'd in part and remanded*, 541 S.W.3d 786 (Tex. Crim. App. 2017) (Garza, J., dissenting) (wherein the dissent proceeded to address remainder of appellant's arguments on appeal having disagreed with dispositive analysis in the majority).

NORA L. LONGORIA
Justice

Dissenting Memorandum Opinion by Justice Benavides.

Delivered and filed the
9th day of January, 2020.